The Mechanic Fire Insurance Company of the city of New-York *vs.* Ogden.

On demurrer to a declaration in covenant. The plaintiffs declared that the defendant, on the 18th day of October, 1821, in consideration of the sum of $4400, sold, assigned, transferred and set over unto the plaintiffs certain contracts, and covenanted " that the sum set opposite to each contract in an account or schedule annexed to the covenant, was then justly and truly due thereon respectively ; that each and every sum should be well and truly paid to the plaintiffs, with the interest on each respectively." The breach assigned is, that divers large sums of money set opposite to the contracts respectively, mentioned in the schedule annexed to the covenant, amounting, with the interest, to the sum of $6,300, have become due, and are in arrear and unpaid ; and that *the defendant* hath not paid the same or any part thereof, contrary to the tenor and effect of his covenant. The defendant demurred, and for cause alleged that the plaintiffs did not aver any demand or refusal of or from the several persons named in the schedule annexed to the covenant to pay the several sums of money, set opposite to their names in the schedule.

*Ogden Hoffman*, for the defendant. The obligation of the defendant is that of a surety or guarantee. He is not liable to pay, according to the sound construction of the covenant, until it be shewn that the persons bound by the contracts have been called upon for payment. The liability of the defendant, according to the intent of the covenant, depended upon the non-performance of the contracts assigned ; and to charge the defendant in this suit, the plaintiffs ought to have averred a previous demand of, and non-payment by the persons originally liable to pay. (1 *Chitty's Pl.* 310, 317. 1 *Ld. Raym.* 696. 19 *Johns. R.* 69. 4 *Maule & Selwyn*, 574.) Unless this construction is given to the contract, the defendant was liable to be sued for the amount he covenanted to be paid, the moment after entering into the covenant ; and that, too, after having parted with a fund equal to the

Mechanic
Fire Ins. Co.
v.
Ogden.

Where O., by an instrument under seal, assigned certain contracts for the payment of money, and covenanted that the sum set opposite each contract in a schedule annexed to the assignment was justly and truly due, and would be well and truly paid, it was held, that O. was to be considered as a guarantee of the amount due on the contract, and that to maintain a suit against him, on his covenant, it was necessary to aver a previous demand of payment of the persons bound by the contracts.

amount claimed from him, which cannot be presumed to have been the intent of the parties.

*P. Cowdrey & P. A. Jay,* for plaintiffs. Defendant is not a surety or guarantor. For a valuable consideration, he covenanted that the sum set opposite to each contract assigned by him, should be well and truly paid; not saying by whom, whether by himself or by another. A covenant that money *shall be paid,* is equivalent to a covenant to pay. Allowing that he undertook for the act of third persons, those persons were strangers to the plaintiffs, and it was incumbent upon the defendant to see that the money was paid. (See *Mounsey* v. *Drake,* 10 *Johns. R.* 27.) If the monies were due on the contracts at the day when assigned, it is conceded the defendant was subject to a suit immediately; so the maker of a promissory note, without day of payment, is liable to be sued immediately. If it had been intended that payment should not be required of the defendant, until after a demand on the contracts assigned, such intent would have been expressed in the covenant; and not only would a demand have been made necessary, but a suit for the enforcement of the contracts would have been required.

*By the Court,* SAVAGE, Ch. J. By the instrument declared on, several demands are assigned, and the defendant covenants "that the sum set opposite to each contract in the annexed account or schedule, is now justly and truly due thereon respectively; that each and every sum shall be well and truly paid to the said Mec. Fire Ins. Co. &c. with the interest on each." The only question is, whether the plaintiffs can call on the defendant for payment, without first making demand of those who signed the contracts thus assigned. If the defendant is to be regarded as a guarantee, then a demand from the principal, I apprehend, should be stated in the declaration, and proved upon trial. (2 *Johns. C.* 409, *Bank of New-York* v. *Livingston.*) In that case, the defendant, with others, signed an instrument, by which they "agree to guaranty to the plaintiffs the re-payment of a loan made to a certain committee." When the money became due, the committee were called on for payment, which was refused

for want of funds. Notice was given to defendant, and payment demanded. It was objected that a suit should have been brought against the committee; but the court said the plaintiffs have done all that was necessary to make the defendant liable. They say, also, that the defendant stands as surety, and is liable in the first instance. I presume the meaning is, that defendant is liable without suit against the principal.

If, however, the contract can be so construed, as that the defendant in this case is liable absolutely, without any recourse to the makers of the notes or contracts, then enough is stated.

It was evidently the intention of both parties, that the plaintiffs should have the security as well of the makers of these contracts as of the defendant. The plaintiffs had possession of the contracts, and they had the property in them. The defendant had no control over them, and cannot have. Even if the plaintiffs should recover of the defendant in this action the amount of those contracts which he has guaranteed, may not the plaintiffs recover of the contractors the several amounts due on their contracts? The contractors continue liable, and for aught that appears to the court, are able and willing to pay. The defendant cannot enforce payment, because he has assigned his interest to the plaintiffs. The fair construction of the assignment is, that the defendant agrees to guaranty the payment of the amount due on those contracts. By the case above cited, it seems, that under such circumstances, a demand without suit is all that is necessary; but even that is not stated in this case. The declaration is therefore bad.

The defendant is entitled to judgment on demurrer. The plaintiffs have leave to amend, on payment of costs.